**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**MAHDI Al BAWI,**<br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br>**Case No. 2:21-CR-501-DAK**<br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motion Requesting Recommendation for RDAP and Motion to Transfer [ECF No. 619]. After being found guilty at trial, this court sentenced Defendant to 72 months incarceration on May 8, 2025. Under federal law, the court loses jurisdiction of a case at sentencing. After a defendant is sentenced, jurisdiction is turned over to the Bureau of Prisons ("BOP"). BOP determines a defendant's place of confinement. *See* 18 U.S.C. § 3621(b). Even at sentencing, a judge is only able to make recommendations to BOP. Defendant asks this court to make post-sentencing recommendations to BOP regarding his participation in RDAP and his transfer to a facility with an RDAP program.

While the United States agrees that this court can make a recommendation to BOP at any time, it points out that BOP is now in the best position to determine whether Defendant has a treatable condition that can be addressed through available programming. Under governing statutes, BOP "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Moreover, this court's recommendations will have "no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person." *Id.*

The court agrees with the United States that the court cannot verify the statements in Defendant's motion. The BOP can assess Defendant's situation and make the determination the statute directs the BOP to make as to each defendant. Defendant should direct his requests to participate in RDAP and to be transferred to an RDAP facility to BOP. If BOP wants to ask this court for a recommendation, the court will provide one. However, the court recognizes that it is no longer in the best position to make recommendations on these matters.

Accordingly, Defendant's Motion Requesting Recommendation for RDAP and Motion to Transfer [ECF No. 619] is DENIED.

Dated this 26th day of August 2026.

BY THE COURT:

DALE A. KIMBALL
United States District Judge